UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| OASIS KWIK WASH, LLC, TERRY W. RAAB and DANIEL B. SCHERDER, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 3:13-cv-173-SEB-WGH |
| GEORGE GOOD, DOUG SMITH and CHAD ACKERMAN, ) ) ) ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND ORDERING THE REPLEADING OF A NEW COMPLAINT

This matter is before the Court on a Motion for Judgment on the Pleadings [Dkt. Nos. 29-30] filed by Defendant Chad Ackerman. Plaintiffs oppose the motion. For the reasons detailed herein, Defendant Ackerman's Motion is GRANTED.

The Motion for Judgment on the Pleadings turns on whether Plaintiffs have properly pled the elements necessary to establish diversity of citizenship jurisdiction. A review of the Plaintiffs' Complaint shows that it is deficient in a number of regards.[1] First, one of the named Plaintiffs in this case is Oasis Kwik Wash, LLC. The citizenship of a limited liability corporation ("LLC") is determined by the citizenship of its members. Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007). The

---

[1] Though the motion before us was filed by only one defendant, the jurisdiction deficiencies found here inhere to all the claims and all the defendants. Thus, our ruling is applicable to the entire action.

Plaintiffs' Complaint does not describe who the members of the LLC are, nor does the Complaint contain any averments as to the citizenship of each of those members.

Paragraphs 2, 3, and 5 through 7 address only the "residence" of various other parties to this litigation.  Citizenship and residency are not legally synonymous, and it is the citizenship of a party that is determinative of federal jurisdiction.

Finally, the "Interim Operating Agreement of Oasis Kwik Wash," attached as Exhibit A to this Complaint, shows that Brian Wandersee signed the Agreement <u>both</u> as a Member of Oasis Kwik Wash, LLC, and as a Member of Bloomington Group.  There is no information in the Complaint as to Mr. Wandersee's citizenship.  Moreover, as raised in the Motion for Judgment on the Pleadings, whether he should be aligned as a plaintiff (because at the time of the filing of the Complaint he was a Member of Oasis Kwik Wash, LLC) or whether he should be considered a defendant (because he is individually obligated to the other Plaintiffs based on his failure to pay certain obligations) cannot be determined from the face of the pleading.

Therefore, the Motion for Judgment on the Pleadings is <u>GRANTED</u>.  Plaintiffs are hereby <u>GRANTED</u> an additional thirty (30) days to file an amended complaint responsive to this Order.  Failure to replead within the allotted time may result in a dismissal with prejudice of this complaint.

**IT IS SO ORDERED.**

**Date:**  03/12/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

2

**Copies to:  Electronically registered counsel of record via ECF.**